JOHN A. SUTHERLAND, JR., Petitioner COMMISSIONER OF INTERNAL REVENUE, Respondent
Sutherland v. Commissioner
Docket No. 28916-88
United States Tax Court
T.C. Memo 1990-19; 1990 Tax Ct. Memo LEXIS 19; 58 T.C.M. (CCH) 1177; T.C.M. (RIA) 90019; January 11, 1990
John A. Sutherland, Jr., pro se. Terri A. Merriam, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency in and additions to petitioner's 1984 Federal income tax as follows: Additions to Tax, Sections
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654(a)
$ 10,070.00
$ 1,173.00
$ 503.50
*
$ 210.36
All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in dispute. All rule references are to the Tax Court Rules of Practice and Procedure. This case is before us on respondent's Motion to Dismiss for Lack of Prosecution and Motion for Damages Under Section 6673. Petitioner resided in Kent, *20 Washington, at the time the petition in this case was filed. Petitioner did not file a Federal income tax return for 1984. Respondent received information concerning petitioner's income for that year from the Port of Seattle, petitioner's employer, and from the Amway Corporation, an entity through which petitioner was self-employed. Based on that information, respondent determined the above-referenced deficiency and issued to petitioner a statutory notice with respect thereto. Section 6673 was enacted to provide the United States damages where a proceeding before this Court is determined to be frivolous or groundless, or instituted or maintained primarily for purposes of delay. The maximum amount of damages able to be awarded under the statute is $ 5,000. Throughout this proceeding, petitioner raised nothing but tax protestor arguments. Petitioner has never asserted a justiciable error of fact or law respecting respondent's deficiency determination. For these reasons, we find petitioner instituted and maintained this frivolous proceeding primarily for purposes of delay. Such actions by petitioner demand the award of damages provided by section 6673. Petitioner's actions *21 in this case constitute a flagrant abuse of process. This is especially true in light of petitioner's familiarity with the proper way to proceed with respect to the stipulation process utilized in this Court. See , concerning petitioner's 1977 through 1981 taxable years. From reading that case, it is obvious petitioner is familiar with this Court's rules concerning the stipulation process. There is no explanation for petitioner's failure to proceed in accordance with those rules in the case at bar. Accordingly, we award damages to the United States and against petitioner in the amount of $ 5,000, which is the maximum amount permissible under the statute. Petitioner's failure to comply with the Rules of this Court also compels the dismissal of this case for petitioner's failure to properly prosecute. An appropriate order will be entered. Footnotes
*. 50 percent of the interest due with respect to the deficiency.↩